UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　v.<br><br>JORGE NAVARRETE-SANCHEZ,<br><br>　　　　　Defendant-Movant. | Case No. 1:10-CV-609-BLW<br>　　　1:07-CR-172-BLW<br><br>**ORDER DENYING RELIEF FROM JUDGMENT OF DISMISSAL** |

　　　　On March 28, 2011, the Court entered an Order (Dkt. No. 3) advising Jorge Navarrete-Sanchez that his Motion under 28 U.S.C. § 2255 would be dismissed as untimely unless he presented evidence to the Court within thirty days that he had been diligently pursing his rights and extraordinary circumstances existed preventing timely filing. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DeGugliemo*, 544 U.S. 408, 418 (2005)). As the Court noted in that Order, the deadline for filing his § 2255 Motion was May 10, 2009. *Order* (Dkt. 3). He did not file it until December 6, 2010, more than a year and a half after the deadline had passed.

　　　　Navarrete-Sanchez did not respond by April 27, 2011. Therefore, the Court entered an Order (Dkt. 4) and Judgment (Dkt. 5) on May 10, 2011, dismissing his § 2255 Motion. On May 31, 2011, Navarrete-Sanchez filed a Motion for Relief from

**ORDER DENYING RELIEF FROM JUDGMENT - 1**

Judgment/Order (Dkt. 6) and his Response (Dkt. 7) to the show cause order. He urges the Court to relieve him of the Order and Judgment under Fed. R. Civ. P. 59(e) and 60(b)(1) and to consider his contemporaneously filed response to the order to show cause. His motion is essentially a motion for the Court to reconsider its Order of May 10, 2011.

A district court may grant a Rule 59(e) motion if "1) the motion is 'necessary to correct 'manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis in original omitted) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1. (9th Cir. 1999)). Rule 60(b)(1) provides for relief from an order or judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R. Civ. P. 60(b)(1).

In his motion and response, Navarrete-Sanchez states that his "Scrivener/Jail-House Lawyer" was sent to the Segregated Housing Unit from March 9, 2011 to May 2011 on an allegedly frivolous violation. While, if true, his jail-house lawyer's unavailability during the time for responding to the order to show cause may explain why Navarrete-Sanchez did not timely respond, it does not rise to the level necessary for Rule 59(e) or Rule 60(b)(1) relief. Even if it did, however, and the Court considered the response, Navarrete-Sanchez would not be entitled to a finding of equitable tolling.

Equitable tolling is warranted in very limited circumstances. *Spitsyn v. Moore*,

345 F.3d 796, 799 (9th Cir. 2003). *See also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002) (noting "[w]e have made clear . . . that equitable tolling is 'unavailable in most cases'" and that "the required threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted)).

As the Government points out in its Response (Dkt. 8), whether or not Navarrete-Sanchez's jail-house lawyer was unavailable from March to May 2011 is completely irrelevant to his failure to file a timely § 2255 motion during the one-year period after his conviction became final. He has not demonstrated that he had been diligently pursuing his right to file a § 2255 motion and that extraordinary circumstances prevented timely filing. In response to the Government's argument, Navarrete-Sanchez filed a further response (Dkt. 9) alleging that his trial counsel did not advise him that the one-year limitations period had begun to run. This additional allegation likewise does not provide the requisite showing for equitable tolling.

Generally, attorney negligence does not constitute extraordinary circumstances even if that negligence includes a miscalculation of the statute of limitations. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). Furthermore, there is no constitutional right to counsel for a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The right to counsel "extends to the first appeal of right, and no further." *Id.*

**ORDER DENYING RELIEF FROM JUDGMENT - 3**

Because there is not right to counsel for postconviction proceedings, an attorney's error in failing to advise a defendant of the statute of limitations period cannot excuse the untimely filing. *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991) ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."). Accordingly,

    **IT IS ORDERED** that Navarette-Sanchez's Motion for Relief from Judgment/Order (Dkt. 6) is **DENIED**.

DATED: **October 17, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge