UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Respondent,<br><br>vs.<br><br>JORGE NAVARRETE-SANCHEZ,<br><br>        Defendant-Movant. | Case No.  1:10-cv-00609-BLW<br>               1:07-cr-00172-BLW<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |

Pending before the Court is Movant's Motion to Vacate Judgment Pursuant to Rule 36, in Pari Materia to Rule 60(b) Fed. R. Civ. Proc. (Civ. Dkt. 11). Having reviewed the Motion, the underlying record, and the Notice of Appeal (Civ. Dkt. 12) filed the same day, the Court construes the Motion as a Request for a Certificate of Appealability and denies the Request for the reasons set forth below.

## BACKGROUND

Following his plea of guilty to one count of possession with intent to distribute methamphetamine, one count of possession of a firearm in furtherance of a drug trafficking crime, and two related forfeiture counts, Movant was sentenced on May 1, 2008 to a term of imprisonment of 192 months to be followed by five years of supervised release. *Judgment*, Crim. Dkt. 36. On December 6, 2010, he filed a Motion Pursuant to

28 U.S.C. § 2255 more than a year and a half after the deadline for doing so had passed. *§ 2255 Motion*, Civ. Dkt. 1. After Movant failed to comply with the Court's Order directing him to show cause why his § 2255 Motion should not be dismissed as untimely, the Court entered a further Order dismissing the § 2255 Motion. *Order,* Civ. Dkt. 3; *Order*, Civ. Dkt. 4. The Court did not address the issue of whether it would grant a certificate of appealability.

Following dismissal of his § 2255 Motion, Movant sought relief from the Order of Dismissal and responded to the previous Order to Show Cause. *Motion for Relief*, Civ. Dkt. 6; *Response*, Civ. Dkt. 7. Following review of those submissions and the Government's response, the Court entered an Order denying relief from the Order of Dismissal finding that Movant had not demonstrated grounds for equitable tolling of the statute of limitations. *Order*, Civ. Dkt. 10. Movant then filed the pending Motion and Notice of Appeal.

## DISCUSSION

Movant combined the Motion and the Notice of Appeal in one document. The document was docketed as a Motion (Civ. Dkt. 11) and again as a Notice of Appeal (Civ. Dkt. 12). The docket notation indicates that the Notice of Appeal was sent to the Ninth Circuit Court of Appeals. However, the Court is unable to determine whether a case was opened.

Movant contends "that his conviction is the result of a void judgment from which he seeks relief" under Fed. R. Civ. P. 60(b)(4). *Motion* at 1. Aside from that conclusory statement, he provides nothing beyond citations to cases generally discussing Rule 60(b)
**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY - 2**

motions and void judgments. *Motion* at 1-2. He offers no specifics regarding his case or conviction. In any event, the proper vehicle for challenging a conviction is under 28 U.S.C. § 2255. *See United States v. Washington*, 653 F.3d 1057 (9th Cir. 2011) (a Rule 60(b) motion not challenging the integrity of the habeas proceeding is a "disguised" § 2255 motion).

The primary focus of Movant's filing is a request for a certificate of appealability of the denial of his § 2255 Motion on timeliness grounds. So construed, the Court denies the request.

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY - 3**

would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that Movant's § 2255 Motion was untimely and that he was not entitled to equitable tolling to be debatable or wrong.

## CONCLUSION

Ordinarily, when denying a certificate of appealability, the Court directs the Clerk of Court to submit the Order to the Ninth Circuit Court of Appeals only after the Movant files a Notice of Appeal. Given that Movant has already filed a Notice of Appeal, the Court will direct the Clerk of Court to submit the Order to the Ninth Circuit immediately.

## ORDER

1. Movant's Motion to Vacate Judgment Pursuant to Rule 36, in Pari Materia to Rule 60(b) Fed. R. Civ. Proc. (Civ. Dkt. 11) construed as a request for a certificate of appealability is **DENIED**.

2. Movant's Notice of Appeal (Civ. Dkt. 12) will be construed as a request to the Ninth Circuit Court of Appeals to issue a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.

3. The Clerk of Court shall forward a copy of the Notice of Appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: October 28, 2014

                          _____
B. Lynn Winmill
Chief Judge
United States District Court